## Mullins et ux. v. Robinson.

(Decided October 2, 1928.)

### Appeal from Pike Circuit Court.

1. Execution.—Failure of appraisers, in their report of valuation of undivided half interest of land levied on and sold under execution, to state the value of the half interest, held not to render appraise-ment invalid, under Ky. Stats., sec. 1682, where reports stated val-uation of entire tract.

2. Pleading.—Husband, in suit to set aside execution sale of wife's undivided interest in homestead, was precluded from asserting exclusive title in himself, where his pleadings showed wife had part interest.

3. Trusts.—Husband, who took deed to homestead to himself and his wife, could not, in suit to set aside execution sale of undivided half interest of wife, assert wife's want of title by virtue of fact that only his own money was used for payment of consideration, on account of Ky. Stats., sec. 2353, which prevents existence of result-ing trust in such cases.

4. Homestead.—Homestead purchased with insurance money col-lected on destruction of stock in mercantile business held not ex-empt from execution under judgment for costs entered prior to purchase of homestead, under Ky. Stats., sec. 1702.

J. H. ADKINS for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellants, Henry and Angeline Mullins, are husband and wife. They resided on a farm in Pike county, worth about $1,500 according to the proofs in this case. Angeline Mullins had been a party to a suit against T. J. Robinson, seeking to recover from Robinson the possession of certain lands. The plaintiffs in that action lost, and Robinson obtained judgment against them for $138.45, his cost in the action. The plaintiffs in that case were the heirs of Ezekiel Prater. Angeline Mullins con-tended that she was responsible for only a fractional part of the cost, and for that reason her husband, Henry Mullins, refused to pay all of the cost for her, but he did offer to pay her part. An execution was issued against the plaintiffs in that action, and the sheriff levied it upon a one-half undivided interest in a tract of land, which is the tract of land on which the appellants at the time re-sided. The title to this tract of land at the time was in the appellants jointly, the property having been so con-veyed to them a few years before it was levied on by the sheriff. The sheriff sold the one-half undivided interest in the land, and it was purchased by appellee, T. J. Rob-inson, for the amount named in the execution plus the cost of the sale. This suit was instituted by the plaintiffs to set aside the sale. The reasons relied on by appellants in their petition are that the appraisers appointed to value the land were not sworn before they performed their duties or thereafter; that the sheriff did not levy the execution on the land, as required by the laws govern-ing such matters; that the appraisers appraised the tract of land as a whole, and made no separate appraisement of the one-half interest levied on by the sheriff; that at

the time of the sale Angeline Mullins was residing on the tract of land, and that it was her homestead, and therefore exempt from execution, as she was a bona fide housekeeper with a family.

In his answer the appellee set up that the land was conveyed to the appellants on November 3, 1924, which was after his judgment was obtained in 1923, and that it was property acquired after the debt was created. Appellants filed a reply in which it was alleged that the land sold was a part of the tract purchased by the appellants with money which they had received from the sale of another homestead, which other homestead they owned prior to the date the judgment was obtained.

Appellants filed with their petition a copy of the deed under which they held the land, a part of which was sold. The deed shows that the land was conveyed to them by J. B. Mullins and his wife on November 3, 1924. The consideration recited in the deed is $1,500, but it is admitted by all parties that the amount actually paid was $600. They also filed with their petition a copy of the execution issued from the clerk's office on May 12, 1926. They likewise filed a copy of the appraisement made by two appraisers, which shows that the appraisers were sworn before making the appraisement. It also shows that the whole tract of land was appraised at the value of $2,500. They likewise filed the advertisement of the sheriff's sale which shows that a one-half undivided interest in the land was to be sold as the property of Angeline Mullins. They also filed the report of sale made by the sheriff, which is in all respects regular.

The ground relied on that the appraisers were not sworn is answered by the copy of the appraisement filed by the appellants with their petition. It shows, on its face, that they were sworn before making the appraisement. The second ground set out in their petition is that the sheriff did not levy on the property in the manner required by section 1682, Ky. Stats., but the exhibits filed with the petition show that the sheriff literally followed the provisions of that section.

The third ground relied on is that the appraisers did not appraise the interest in the land which was sold, but appraised the entire tract. It is true that the appraisers, in their report, stated that the valuation which they arrived at was for the entire tract of land. A one-half undivided interest only was levied on, and only a one-half undivided interest was sold. Section 1682, Ky. Stats.,

requires land to be appraised before it is sold under an execution. It also provides that, if a part of a tract only be sold, the part so sold shall be revalued in like manner after the sale. A part only of that which was levied on was not sold, but the entire one-half interest in the land was sold, and a reappraisement of it was not required after the sale. The only question is whether the appraisal of the entire tract, instead of a one-half interest in the entire tract, rendered the appraisement void. It seems to us obvious that, when the appraisers were called upon to set the value of a one-half interest in the particular land, they were required to determine the value of the whole tract before they could reach a conclusion as to the value of a one-half undivided interest, and their mere failure to state in their appraisement that the one-half undivided interest was worth one-half of $2,500 is not such an irregularity as to authorize the setting aside of the sale. The sheriff, in effect, said to them, when they were appointed, "You will find out the value of a one-half undivided interest in a certain tract of land described in the levy," and they reported back to him in writing that the whole tract was worth $2,500. No one could be misled by their method of appraising the one-half undivided interest. Appraisement is required in order to protect the debtor's right of redemption. There is no complaint that they were deprived of their right to redeem the land by reason of the method of appraisement. It is admitted by appellants that the value of the farm was as much as $1,500, and if the appraisement of one-half had been fixed at $750, which admittedly would have been correct as they view the matter, their right of redemption was not disturbed.

This leaves the question of homestead. The proof is conclusive that the tract of land was not bought with the proceeds of another homestead. Henry Mullins had been in the mercantile business, and his stock was destroyed by fire, and he collected $1,600 in insurance. A part of this money was used to pay for the tract of land conveyed to him and his wife in 1924. He established that no part of any money belonging to his wife was used to pay for the property. It was his money that paid for the property, and it was his money that made improvements on it thereafter, which enhanced its value. He contends, therefore, that the land did not belong to his wife, and that his property could not be sold for her debt. If there was no

other reason why he cannot rely on his ground, the fact that his pleadings show that the property belonged to him and his wife would preclude him. He is also precluded by the provision of section 2353, Ky. Stats., which, in effect, provides that, when a deed shall be made to one person and the consideration shall be paid by another, no use or trust shall result in favor of the latter.

It is not necessary to determine whether Angeline Mullins might claim an exemption of a homestead in this property if the facts were otherwise. The debt existed prior to the purchase of the land, and the erection of the improvements thereon, and for that reason it is not exempt from execution under section 1702, Ky. Stats.

It is unfortunate that appellants have sacrificed a one-half undivided interest in their property, but the law was substantially complied with in all respects, and the fault, if any, for the loss rests upon them. They appear to have refused to pay the cost in the belief that Angeline Mullins should not be held responsible for the cost of her coplaintiffs in their suit against Robinson.

Judgment is affirmed.